UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE POTTS,

      Plaintiff,                        CIVIL ACTION NO. 10-CV-10228

vs.                                   DISTRICT JUDGE MARK A. GOLDSMITH

CORRECTIONAL MEDICAL         MAGISTRATE JUDGE MONA K. MAJZOUB
SERVICES, INC., ANGELA K.
BROWN, and JASON Y. KIM,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that the Motion For Summary Judgment filed by Defendant Angela Brown (docket no. 38) be **GRANTED**, the Motion For Summary Judgment filed by Defendants Jason Kim and Correctional Medical Services, Inc. (docket no. 42) be **GRANTED**, and Plaintiff's complaint be dismissed.

**II.    REPORT:**

This matter comes before the Court on two motions. The first motion is the Motion For Summary Judgment filed by Defendant Angela Brown. (Docket no. 38). The second motion is the Motion For Summary Judgment filed by Defendants Jason Kim and Correctional Medical Services, Inc., n/k/a Corizon, Inc. ("CMS"). (Docket no. 42). Plaintiff filed responses to the motions. (Docket nos. 40, 45). All pretrial matters have been referred to the undersigned for action. (Docket no. 19). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

1

Plaintiff Clarence Potts filed this action pursuant to 42 U.S.C. § 1983 and state law, alleging that Defendants violated his Fifth, Eighth, Ninth, and Fourteenth Amendment rights and committed medical malpractice in violation of state law while he was incarcerated at the Charles Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan. Plaintiff was paroled on February 23, 2010. He is represented by counsel in this case. Defendant Angela Brown is a licensed Registered Nurse employed by the Michigan Department of Corrections ("MDOC") at RGC. (Docket no. 38, ex. C). Defendant Dr. Jason Kim is an independent contractor physician engaged by Defendant CMS. (Docket no. 42, ex. L; Docket no. 46).

The amended complaint states that Defendant Angela Brown conducted an intake assessment on Plaintiff on April 2, 2008 and placed a diagnosis of epilepsy in Plaintiff's medical record based on a single comment from Plaintiff that he experienced one seizure in the past. (Docket no. 17, ¶¶ 12, 32-33, 45; Docket no. 45 at p. 3). Plaintiff alleges that Defendant Kim examined him on April 3, 2008, documented that Plaintiff had a seizure disease in late 1990, concluded that Plaintiff has epilepsy, and wrote him a prescription for Dilantin. (Docket no. 17, ¶¶ 13, 39). Plaintiff claims that he has never been diagnosed with epilepsy or had an epileptic seizure. (Docket no. 17, ¶¶ 12, 14-17). He claims that he suffered an allergic reaction to the Dilantin that left him hospitalized for twenty days and caused permanent injuries. (Docket no. 17, ¶¶ 18-20, 47). Plaintiff maintains that Defendant CMS is responsible for his injuries under the doctrine of *respondeat superior*. (Docket no. 17, ¶ 44, 50). He seeks monetary damages and declaratory relief.

**B.     Governing Law**

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or

defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.  Analysis**

Defendants Brown and CMS argue that Plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a). Under the Prison Litigation Reform Act, a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement. 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo* 548 U.S. 81, 90-91 (2006). When a prisoner's grievance is rejected by the prison as untimely, that claim is not properly exhausted under 42 U.S.C. § 1997e. *Woodford v. Ngo*, 548 U.S. at 83-84; *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).

Defendants submitted a copy of MDOC Policy Directive 03.02.130 governing prisoner grievances. (Docket no. 38, ex. I; Docket no. 45, ex. I). Paragraph P of Policy Directive 03.02.130 (eff. July 9, 2007) requires a prisoner to attempt to resolve his grievance with involved staff members prior to submitting a written grievance and within two business days after becoming aware of a grievable issue, unless the prisoner is prevented from doing so by circumstances beyond his

3

control. (Docket no. 38, ex. I). If the issue is not resolved, the prisoner may file a Step one grievance but must do so within five business days after he attempted to resolve the issue. (Docket no. 38, ex. I).

Plaintiff claims that he was admitted to Allegiance Hospital in Jackson, Michigan on May 8, 2008, where he was diagnosed with Dilantin hypersensitivity. He claims he did not know he was taking Dilantin until after Allegiance hospital physicians diagnosed his sensitivity to the medication. He was admitted to Allegiance hospital for approximately twenty-one days, after which he was transferred to Duane Waters Hospital, then transferred back to RGC on June 2, 2008. (Docket no. 38, ex. F - transit list). Plaintiff remained at RGC from June 2, 2008 through June 18, 2008 when he was transferred to the Lakeland Correctional Facility ("LCF"). (Docket no. 38, ex. F - transit list).

Documents attached to Defendants' motions establish that Plaintiff filed one Step three grievance appeal pertaining to matters at RGC since 2008: RGC-08-08-966-28e. (Docket no. 38, ex. F). RGC-08-08-966-28e was originally filed by Plaintiff on July 11, 2008 while he was incarcerated at LCF. The grievance was given grievance identifier no. LCF-2008-07–0569-28G. (Docket no. 42, ex. D). This grievance named Defendant Kim among others and complained that Plaintiff was misdiagnosed and was prescribed the wrong medication by RGC medical staff. The grievance was rejected for lack of jurisdiction and Plaintiff was instructed to refile the grievance with RGC. (Docket no. 42, ex. D).

On August 6, 2008 Plaintiff filed grievance RGC-08-08-966-28e with RGC. (Docket no. 38, ex. F). This grievance was identical to the grievance filed at LCF. The grievance was rejected as untimely at Step one and affirmed on that basis at Steps two and three. (Docket no. 38, ex. F).

4

Plaintiff has not provided evidence to show that he filed any other grievance that could have exhausted his claims against these Defendants.

Since RGC-08-08-966-28e was rejected as untimely, Plaintiff's § 1983 claims against Defendants Brown and CMS were not properly exhausted and should be dismissed. Additionally, while Defendant Kim did not argue failure to exhaust, the record clearly shows that grievance RGC-08-08-966-28e did not exhaust Plaintiff's claims against him. Consequently, Plaintiff's § 1983 claims against Defendant Kim should also be dismissed.

On September 9, 2010, while this case was pending before this Court, Plaintiff filed a medical malpractice lawsuit against Defendants Kim and CMS in the Circuit Court for Berrien County. (Docket no. 45, ex. D). The Berrien County case is being held in abeyance pending resolution of this action. (Docket no. 45 at p. 10). Because all federal claims against Defendants Brown, Kim, and CMS should be dismissed for failure to exhaust, and because Plaintiff has filed a separate medical malpractice lawsuit in state court addressing the issues raised in this complaint, the Court should decline to exercise supplemental jurisdiction over the malpractice claim and should dismiss this case in its entirety. *See* 28 U.S.C. § 1367(c)(3), (4) (allowing courts to decline supplemental jurisdiction over claims when the court has dismissed all claims arising under original jurisdiction or when there are other compelling reasons for declining jurisdiction).

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 8, 2011            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 8, 2011            s/ Lisa C. Bartlett
                                   Case Manager